UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**AMERICAN DUMPSTER COMPANY,** *et al.***,**
    Plaintiffs,

v.

**Case No. 4:22-cv-514-CLM**

**NATIONAL INDEMNITY COMPANY,** *et al.***,**
    Defendants.

## MEMORANDUM OPINION

National Indemnity Company of the South removed this case from state court. (Doc. 1). But the plaintiffs did not sue National Indemnity Company of the South, so it had no statutory authority to remove the case. *See* 28 U.S.C. § 1441(a). As a result, the court **GRANTS** the plaintiffs' motion to remand. (Doc. 2).

## BACKGROUND

Section 1441(a) of Title 28 allows "the defendant or the defendants" in a state court case to remove that case to federal court if the federal court has original jurisdiction. American Dumpster Company and Nathan Evans sued "National Indemnity Company" and "Woodall & Hoggle Insurance Agency, Inc." and  "Fictitious Defendants A-Z" in state court. (Doc. 1-1 at 3).

But a differently named party, "National Indemnity Company *of the South,*" removed the case to this court. (Doc. 1 at 1). In its notice of removal, NIC of the South claimed that the plaintiffs "incorrectly styled" it as "National Indemnity Company" in the original complaint. (*Id.*)

The court noticed, so it held a conference to ask counsel whether National Indemnity Company and National Indemnity Company of the

South were distinct entities. Counsel confirmed that they were. So the court asked the parties to show cause why the court shouldn't dismiss the case for lack of jurisdiction because the removal was not filed by "the defendant or defendants" as required by § 1441(a). (Doc. 20).

Having reviewed the parties' responses, the court explains below why the court must remand this case because it lacks jurisdiction.

## DISCUSSION

1. <u>Section 1441(a)</u>: "The district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Congress gave federal courts jurisdiction to hear a state-law case that was filed in state court if the case could have been filed in a federal district court under diversity jurisdiction. 28 U.S.C. § 1441(a). But § 1441(a) limits who can seek removal:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by ***the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* (emphasis added).

In *Home Depot*, the Supreme Court read the "defendant" limitation strictly. 139 S.Ct. 1748. As this court explained, in *Home Depot*

> the Court held that a counterclaim defendant—*i.e.,* a third party sued by the original defendant—cannot remove a case under §1441(a) because the statute defines "the defendant" by reference to the plaintiff's original complaint, not the defendant's counterclaim. 139 S. Ct. at 1748. This reading of § 1441 overruled 40 years of circuit precedent that expanded the scope of 'the defendant' beyond the defendant named in the original complaint. *See Bowling v. U.S. Bank Nat'l Assoc.*,

2

963 F.3d 1030 (11th Cir. 2020) (discussing the effect of *Home Depot*).

*Patterson v. Haier US Appliance Solutions Inc.*, 2021 WL 50758, at *4 (N.D. Ala. Jan. 6, 2021).

National Indemnity admits that National Indemnity Company and National Indemnity Company of the South are separate entities. (Doc. 21 at 10). That means National Indemnity Company of the South was not "the defendant" that the plaintiffs sued in state court and thus National Indemnity Company of the South cannot remove the case. So the court lacks the statutory authority to hear the case.

2. <u>Misnomer</u>: National Indemnity Company of the South argues that this court should not dismiss and remand the case because the plaintiffs merely misnamed the entity. (Doc. 21 at 1). It argues that because §1441(a) does not define "defendant," and because other courts have interpreted the term to allow "real parties of interest" to remove a case even when not named in the original complaint, this court should find that National Indemnity Company of the South's removal was proper. *See La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 95-97 (2d Cir. 2014); *Zea v. Avis Rent a Car Sys., Inc.*, 435 F. Supp. 2d 603 (S.D. Tex. 2006).

Counsel points out that the two National Indemnity entities share the same address and having the same president. And they say that the complaint is about a policy issued by National Indemnity Company of the South—not National Indemnity Company. But under a plain reading of §1441(a), none of that transforms a "party of interest" into the actual defendant. *See Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593 (5th Cir. 2020) ("The law is clear that a case filed in state court may be removed to federal court only by 'the defendant or the defendants.' 28 U.S.C. § 1441(a). A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case.").

3. <u>Proper party</u>: Relatedly, National Indemnity of the South argues that the plaintiffs intended to sue it—*i.e.,* National Indemnity Company of the South—because it issued the relevant policy, so it is the party from whom the plaintiffs might recover. And the plaintiffs acknowledge that NIC of the South issued the policy, and their counsel worked with NIC of the South to issue a Rule 26(f) report. (Doc. 14).

But a party cannot unilaterally make itself the defendant, even if it is the party who the plaintiff intended to sue. Alabama law supports this conclusion. Under Rule 10(a) of the Alabama Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties." Considering Rule 10(a), the Alabama Supreme Court has held that "it is the title of the Complaint and not the body that establishes the parties who are before the court as litigants." *Cofield v. McDonald's Corp.*, 514 So.2d 953, 954 (Ala. 1987).

In *Cofield*, the pro se plaintiff listed "McDonald's Corporation" in the complaint's caption, when "McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama" were the parties the plaintiff intended to sue. In affirming the trial court's decision to dismiss the case, the Alabama Supreme Court noted that "[a]lthough Cofield probably intended an action against McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama, he did not properly identify them in his complaint." *Id.* at 954. Indeed, "in order to properly sue an intended defendant, the plaintiff is required to properly name the defendant." *Id.* And "it is the title of the Complaint and not the body that establishes the parties who are before the court." *Id.*

No matter who the plaintiffs *meant* to sue, they sued "National Indemnity Company." That means that, under Alabama law, "National Indemnity Company" is the defendant in state court until the plaintiffs change the defendant consistent with state law.

4. <u>Amending the Notice</u>: National Indemnity Company of the South next argues that its lawyers "removed this action on behalf of the Defendant in the Complaint, regardless of whether it was identified as

National Indemnity Company or National Indemnity Company of the South." (Doc. 21 at 8). They ask the court for leave to amend their notice of removal "to clarify that the action was removed by the named Defendant in this action but that the real party in interest is National Indemnity of the South." (Doc. 21 at 1-2). But the notice of removal directly contradicts that assertion. In the notice of removal, National Indemnity acknowledged that "Defendant National Indemnity Company of the South . . . gives notice of the removal." (Doc. 1 at 1). So the court must reject this argument too.

5. <u>Practical concerns</u>: Finally, National Indemnity Company of the South says that remanding this case would be unfair and problematic for two reasons: "it would simultaneously punish the candor of future defense counsel who would disclose to the Court, within the scope of their ethical duties to the Court and opposing counsel, the true identity of the Defendant and incentivize sloppy complaint drafting and misnomer of defendants by plaintiffs' counsel." (Doc. 21 at 8). The perverse incentive, they say, would be the intentional misnaming of the plaintiff in state court, followed by an argument that the correct—but unnamed—defendant failed to remove the action within 30 days of service as required by 28 U.S.C. § 1446(b).

The latter fear is unfounded. As the court noted in *Patterson*, the 30-day removal clock doesn't start until a party becomes "the defendant" in the state court case and is served a copy of the complaint that names them as a defendant. *See Patterson*, 2021 WL 50758, at *8. As the court pointed out:

> this outcome is in line with other circuits that have adopted the rule that 'the addition of a new defendant 'opens a new window of removal' under 1446(b)' and 'as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court.' *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 805 (5th

5

Cir. 2006) (quoting *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005)). This 'new window' rule eliminates the problem of running the clock before a party becomes the defendant and thus before he can file a notice of removal under § 1441(a).

*Id.*

Now for the fear that remand here would "punish the candor of future defense counsel" and thus "incentivizes non-disclosure" of the parties' true identities in future cases. (Doc. 21 at 8). Counsel did not disclose the distinct nature of the National Indemnity entities; the court noted it without prompting. So the court asked counsel a direct question that controlled its jurisdiction, and counsel candidly acknowledged what the court suspected. Hopefully, defense counsel are not insinuating that, if the court orders remand based on their candor in this case, "future defense counsel" would hide jurisdictional defects and *not* be candid when answering the court's questions, if counsel considered candor to be strategically detrimental.

While following the law as written may result in what the parties consider "an unwarranted and illogical result" (doc. 21 at 8), that is the court's duty—just as candor in the face of an unwanted outcome is counsel's duty.

## CONCLUSION

For the reasons stated above, the court **DISMISSES** the case and **REMANDS** it to the Circuit Court of Marshall County, Alabama. The court will enter a separate order that carries out this opinion.

**DONE** and **ORDERED** on February 9, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE